**WO**                                                                                                       RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Thurman Montgomery, | ) | No. CV-06-1083-PHX-MHM (JCG) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

On April 18, 2006, Petitioner James Thurman Montgomery, confined in the Arizona State Prison Complex-Yuma, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Petitioner did not pay the $5.00 filing fee, or file an Application To Proceed *In Forma Pauperis* with the Petition.

By Order filed June 14, 2006 (Doc. #3), Petitioner was given 30 days from the filing date of the Order to either file an Application To Proceed *In Forma Pauperis*, using the form included with the Order, or pay the $5.00 filing fee. Because Petitioner had failed to sign his Petition, the Court's Order also gave him 30 days to either file a completed and signed Certificate, on the form included with the Order, or file an amended petition that contained his original signature.

**TERMPSREF**

- 1 -

## I. Certificate, Amended Petition, and Application to Proceed *In Forma Pauperis*

On July 13, 2006, Petitioner filed both a completed and signed Certificate (Doc. #4) and an Amended Petition (Doc. #5). Included with the Amended Petition is a properly executed and certified Application to Proceed *In Forma Pauperis*, which will be granted.

Petitioner should take notice that by filing an Amended Petition he is presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his Amended Petition. 28 U.S.C. §2244(b)(2).[1] Petitioner should also take notice that all grounds alleged in his original Petition which are not alleged in his Amended Petition are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

Named as Respondent in the Amended Petition is Dora B. Schriro, Director of the Arizona Department of Corrections. The Attorney General of the State of Arizona is named as an Additional Respondent.

In his Amended Petition, Petitioner challenges his May 13, 2003 judgment of conviction for Disorderly Conduct entered in the Maricopa County Superior Court in matter CR 2002-020849.

Petitioner presents two grounds in his Amended Petition in support of his request for habeas relief: (1) his conviction was excessive, and thus unlawful and unconstitutional; and (2) he was denied effective assistance of trial counsel.

It is unclear whether Petitioner has properly exhausted each of his claims, which requires presentation to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d

---

[1] Title 28 U.S.C. §2244(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Furthermore, under 28 U.S.C. §2244(b)(3)(A)(1996), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

1 1008, 1010 (9th Cir. 1999) (when challenge is not to a life sentence or capital sentence,
2 exhaustion requires only fair presentation to the Arizona Court of Appeals).  It also appears
3 that further review of Petitioner's claims is not available in the state courts.  Consequently,
4 any unexhausted claim may be procedurally barred.  In light of the possibility of procedural
5 bar, a summary dismissal would be inappropriate.  See Castille v. Peoples, 489 U.S. 346,
6 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear
7 whether claims were procedurally barred).  An answer is therefore required.  28 U.S.C. §
8 2254(a).

9 **II.  Motion for Appointment of Counsel**

10 On July 13, 2006, Petitioner filed a pleading entitled "Petitioner, Motion For
11 Appointment Of Counsel" (Doc. #6) (Motion).  "Indigent state prisoners applying for habeas
12 corpus relief are not entitled to appointed counsel unless the circumstances of a particular
13 case indicate that appointed counsel is necessary to prevent due process violations." Chaney
14 v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640
15 (9th Cir. 1970); Eskridge v. Rhay , 345 F.2d 778, 782 (9th Cir. 1965)).  However, the Court
16 has discretion to appoint counsel when "the interests of justice so requires." 18 U.S.C. §
17 3006A(a)(2).

18 Petitioner has not made the necessary showing for appointment of counsel at this time.
19 Accordingly, Petitioner's Motion will be denied.  If, at a later date, the Court determines that
20 an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c)
21 of the Rules Governing Section 2254 Proceedings.

22 **III.  Warnings**

23 **A. Address Changes**

24 Petitioner must file and serve a notice of a change of address 10 days before the move
25 is effective, if practicable.  See LRCiv 83.3(d).  Petitioner shall not include a motion for other
26 relief with a notice of change of address.  Failure to comply may result in dismissal.

27 **B. Copies**

28 Petitioner must serve Respondents, or counsel if an appearance has been entered, a

TERMPSREF                                              - 3 -

copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* filed with the Amended Petition (Doc. #5) is **granted**.

(2) Petitioner's pleading entitled "Petitioner, Motion For Appointment Of Counsel" (Doc. #6) is **denied**.

(3) The Clerk of Court **must serve** a copy of the Amended Petition (Doc. #5) and this Order upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5) Petitioner **may file** a reply within 30 days from the date of service of the answer.

(6) That this matter is **referred** to Magistrate Judge Jennifer C. Guerin pursuant to

1   LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.

2   DATED this 7th day of August, 2006.

_____
Mary H. Murguia
United States District Judge