**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Thurman Montgomery,                 )<br>                                                             )<br>            Petitioner,                             )<br>                                                             )<br>vs.                                                        )<br>                                                             )<br>Dora Schriro, et al.,                          )<br>                                                             )<br>            Respondents.                       )<br>                                                             )<br>_____) | CV 06-1083-PHX-MHM (JCG)<br><br>**ORDER** |

Plaintiff has filed a *pro se* Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The matter was referred to United States Magistrate Judge Jennifer C. Guerin, who has issued a Report and Recommendation recommending that the Court enter an Order dismissing the Petition with prejudice (Doc. 22). Plaintiff has not filed written objections to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

In his Habeas Petition, Petitioner has asserted two grounds for relief. Petitioner claims that his conviction is unconstitutional because he was convicted of disorderly conduct, a charge for which he was not indicted. Petitioner further claims that he received ineffective assistance of counsel at sentencing because his counsel failed to object to the length of Petitioner's sentence. The Magistrate Judge has recommended that the instant Petition be dismissed with prejudice because Petitioner failed to exhaust his state court remedies for either claim before bringing the instant Habeas Petition.

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). Habeas petition claims may be precluded from federal review on exhaustion grounds in either of two ways. First a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. See Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

Here, Petitioner failed to exhaust his claims in state court. Petitioner did not assert in state court either of the arguments he has asserted in the instant Habeas Petition. Nor did Petitioner raise either argument in his direct appeal in state court. Finally, Petitioner failed to file a Rule 32 petition in state court and Petitioner is now barred from asserting these

1  claims in state court. Thus, Petitioner's Habeas Corpus case is dismissed with prejudice due
2  to his failure to exhaust in state court the claims alleged in the Habeas Petition here.
3     **Accordingly**,
4     **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation
5  (Doc. 22) in its entirety.
6     **IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus (Doc. 1) is
7  dismissed with prejudice.
8     DATED this 27th day of April, 2007.

_____
Mary H. Murgula
United States District Judge